IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00817-BNB

DOUGLAS WILSON,

     Plaintiff,

v.

JOHN SUTHERS, Colorado Attorney General,
DANIAL MAY, El Paso County D.A.,
CITY OF COLORADO SPRINGS, and
TRAVIS TRANI, CSP Warden,

     Defendants.

---

## ORDER OF DISMISSAL

---

Plaintiff, Douglas Wilson, is a prisoner in the custody of the Colorado Department of Corrections at the Colorado State Penitentiary in Cañon City, Colorado.  Mr. Wilson initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1).  On April 3, 2013, Magistrate Judge Boyd N. Boland entered an order directing Mr. Wilson to file an amended complaint that clarifies who he is suing and the claims he is asserting in this action.  On April 26, 2013, Mr. Wilson filed an amended Prisoner Complaint (ECF No. 6).  Mr. Wilson asserts claims pursuant to 42 U.S.C. § 1983 contending that his rights under the United States Constitution have been violated.

The Court must construe the amended Prisoner Complaint liberally because Mr. Wilson is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the amended Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could

prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.* For the reasons stated below, the Court will dismiss the action.

Mr. Wilson's claims in this action are premised on his contention that he is falsely imprisoned as the result of a criminal conviction in El Paso County District Court case number 01CR3593. Mr. Wilson specifically contends that the Colorado Springs police botched their investigation of a 2001 murder and failed to recover exculpatory evidence from the crime scenes, which resulted in a defective arrest warrant based on false information, a malicious prosecution, and an unfair trial. As relief Mr. Wilson seeks damages and to be released from custody.

To the extent Mr. Wilson seeks to be released from custody, he may not pursue his claims in this 42 U.S.C. § 1983 action because his sole federal remedy is a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973) (holding that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"). The Court notes that Mr. Wilson already has filed a habeas corpus action in the District of Colorado challenging the validity of his conviction in El Paso County District Court case number 01CR3593. *See Wilson v. Jones*, No. 11-cv-01795-PAB (D. Colo. filed July 8, 2011).

Mr. Wilson's claims for damages, which may be asserted in a § 1983 action, will

2

be dismissed because those claims are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).  Pursuant to *Heck*, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ.  *See Heck*, 512 U.S. at 486-87.  In short, a civil rights action filed by a state prisoner "is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

It is apparent that Mr. Wilson's claims in the amended Prisoner Complaint implicate the validity of his criminal conviction and current confinement.  It also is apparent that Mr. Wilson has not invalidated the validity of the criminal conviction he is challenging in this action.  Therefore, the Court finds that Mr. Wilson's claims for damages are barred by the rule in *Heck* and must be dismissed.  The dismissal will be without prejudice.  *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996).

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App.

P. 24.  Accordingly, it is

ORDERED that the amended Prisoner Complaint and the action are dismissed without prejudice because the habeas corpus claims may not be raised in this action pursuant to 42 U.S.C. § 1983 and the claims for damages are barred by the rule in *Heck*.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this _13th_ day of ___May_____, 2013.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

4